IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rachel Keogh, Individually and as Personal Representative of the Estate of Ralph M. Keogh, Jr., | ) ) ) ) | Civil Action No.:  3:18-1426-JMC |
| Plaintiff, | ) ) | **COMPLAINT** |
| vs. | ) ) | |
| United States of America, | ) ) | |
| Defendant. | | |

Plaintiff, by and through her undersigned counsel, complaining of the Defendant, hereby alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. Plaintiff Rachel Keogh (hereinafter "Mrs. Keogh") brings this claim individually (loss of consortium), on behalf of Ralph Keogh, Jr.'s heirs (hereinafter "Mr. Keogh" or "Decedent") (wrongful death, S.C. Code Ann. 15-51-10, et. al.), and on behalf of Mr. Keogh's estate (survivorship claim, S.C. Code Ann. 15-5-90, et. al.) against the United States of America (hereinafter "USA") for injuries and damages Mr. Keogh sustained from substandard medical care rendered to him by agents and/or employees of the USA, agents.  Plaintiff has a cause of action against the above Defendant for loss of consortium arising out of the injuries and damages suffered by her husband, and she has causes of action (as her husband's Personal Representative) for wrongful death and survivorship claims.  At all times relevant to this Complaint, Both Plaintiff and Mr. Keogh were citizens and residents of Richland County, South Carolina.

2. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq. and 28 U.S.C. § 1346(b)(1), for money damages as compensation for injuries and damages

suffered by Plaintiff and her Decedent. As further described herein, these damages were caused by the acts of Defendants, their employees, servants, and/or agents. The employees, servants, and agents of the USA were working at different veterans' administration medical facilities, including, but not limited to, the William Jennings Bryan Dorn VA Medical Center (hereinafter "Dorn" or "Dorn VA") located in Richland County, South Carolina.

3. Venue is proper in this Court in that all, or a substantial part, of the acts and/or omissions forming the basis of these claims occurred in the District of South Carolina, Columbia Division. In addition, the claims in this action arose in part from acts of the USA through its employees, servants, and agents acting within the course and scope of their employment with the Department of Veteran Affairs at different medical facilities in the State of South Carolina, including in Columbia, South Carolina.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims act by giving formal written notice to the USA through the filing of a Form 95 with the Department of Veteran Affairs on July 31, 2017.

5. Six months has passed since the filing of the Form 95 and though there has been no official denial of Plaintiff's claim and suit is being filed since there has been no official denial or resolution of Plaintiff's Form 95 claim.

6. An affidavit from a qualified medical expert in regard to Defendant is being contemporaneously filed with this Complaint. The affidavit sets forth certain breaches of the standard of care by Defendant, their agents and/or employees. Neither the affidavit, nor the allegations contained herein, are an all-inclusive list of negligence which will be attributed to Defendant, their agents and/or employees. Additionally, the type(s) and or description(s) of damages to Plaintiff and Decedent, as described herein, are/is not an all-inclusive list of damages suffered by them.

**FACTUAL ALLEGATIONS**

7. These claims concern the substandard medical care provided to Decedent by agents, servants, and employees of William Jennings Bryan Dorn VA Medical Center in Columbia, South Carolina ("Dorn VAMC").

8. On January 22, 2017, Mr. Keogh presented to the Dorn VA Medical Center with nausea and vomiting.

9. Mr. Keogh has a medical history of acute myelogenous leukemia.

10. The VAMC medical staff administered multiple doses of pegfilgtastim to Mr. Keogh in error when he was prescribed filgrastim.

11. Given Mr. Keogh's medical history, the medication error caused Mr. Keogh to develop pulmonary toxicity, which led to acute respiratory distress syndrome or severe acute lung injury.

12. Mr. Keogh rapidly declined and died on February 2, 2017.

**FOR A FIRST CAUSE OF ACTION**
**(Survivorship Action)**

13. Plaintiff hereby incorporates by reference and re-alleges every allegation in Paragraphs 1 – 12 of this Complaint as if fully set forth herein.

14. Defendant USA, through its agents and/or employees, undertook the duty to render medical care to Mr. Keogh in accordance with prevailing and acceptable professional standards of care in the national community.

15. Notwithstanding said undertaking, and while Mr. Keogh was under the care of agents and/or employees of Defendant USA, Defendant departed from prevailing and acceptable professional standards of care in its treatment of Mr. Keogh and was thereby negligent, careless, grossly negligent, reckless, and in violation of the duties owed to him. As such, the USA is

liable for one or more of the following acts of omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care:

a. Failing to properly interpret and/or fill the prescription for Filgrastim;

b. In such other ways as may be shown at the trial of this matter.

## FOR A SECOND CAUSE OF ACTION
### (Wrongful Death)

16. Plaintiff hereby incorporates by reference and re-alleges every allegation in Paragraphs 1 – 15 of this Amended Complaint as if fully set forth herein.

17. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, and departure from the professional standards of care by Defendant and their physicians, nurses, agents, and/or employees as noted above, Decedent suffered from severe debilitating injuries which caused his beneficiaries to lose his society, consortium, income, financial support, and to suffer wounded feelings, shock, pain and suffering and other damages allowed to be recovered pursuant to a wrongful death action. Plaintiff, as Decedent's Personal Representative, is therefore entitled to recover from Defendant a sum of money to compensate the Estate for all damages allowable under the wrongful death action. Plaintiff is also entitled to recover a sum of punitive damages from Defendant. All damages should be in an amount determined by a jury at trial.

## FOR A THIRD CAUSE OF ACTION
### (Loss of Consortium)

18. Plaintiff hereby incorporates by reference and re-alleges every allegation in Paragraphs 1 – 17 of this Complaint as if fully set forth herein.

19. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, and departures from the professional standards of care by Defendant as noted above, Mrs. Keogh as Mr. Keogh's wife, suffered a loss of consortium. She is therefore entitled to an

award of damages to compensate her for the loss of the society, comfort, companionship, and support of her husband.  In addition, Mrs. Keogh lost income by loss of earnings capacity and via the necessity of providing extraordinary medical care for her husband. She is therefore entitled to an award of damages in an amount determined by a jury at trial.

WHEREFORE, Plaintiff respectfully prays for judgment against the USA for actual damages and consequential damages in an amount to be determined by a judge (and/or jury) at trial, for the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MCGOWAN, HOOD & FELDER, LLC**

s/W. Jones Andrews, Jr.
W. Jones Andrews, Jr. (Federal ID No.: 5797)
McGowan, Hood & Felder, LLC
1517 Hampton Street
Columbia, South Carolina 29201
T: (803) 779-0100
F: (803) 787-0750
jandrews@mcgowanhood.com

Columbia, South Carolina
May 25, 2018